UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELLEN T. THATCHER,

    Plaintiff,

v.                                                  Case No. 8:17-cv-3061-T-AEP

DEPARTMENT OF VETERANS AFFAIRS,

    Defendant.
_____/

**ORDER**

    Plaintiff Ellen T. Thatcher ("Thatcher") brought this action asserting claims against the Department of Veterans Affairs (the "VA") for violations of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* (Doc. 13). Following the Court's grant of summary judgment (Doc. 67) and entry of judgment in the VA's favor (Doc. 68), the VA submits its proposed Bill of Costs, seeking an award of costs in the amount of $4,514.75 (Doc. 69). In response, Thatcher objects to the amount of costs sought by the VA, including attendance fees for a court reporter and videographer and costs for word indices and e-mailing (Doc. 70). Upon consideration of Thatcher's objections, the VA agrees to withdraw its request for word index fees in the amount of $488.25 but argues that Thatcher's other objections lack merit (Doc. 71). Given a calculation error in the original Bill of Costs, the VA asserts that it should have originally requested costs in the amount of $4,614.75, rather than $4,514.75, and thus now requests that the Court award costs in the amount of $4,126.50, or $4,614.75 less the $488.25 word index fees.

    As the prevailing party, the VA is entitled to an award of costs. Fed. R. Civ. P. 54(d). Courts may award the following costs under 28 U.S.C. § 1920:

    (1) Fees of the clerk and marshal;

> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In this instance, the VA seeks costs for deposition transcripts and a court reporter attendance fee (Doc. 69). The determination whether the costs for a deposition are taxable turns on the question of whether the deposition was wholly or partially necessarily obtained for use in the case. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). If a party incurs deposition costs merely "for convenience, to aid in thorough preparation, or for purposes of investigation only," such costs are not recoverable. *Id.* at 620 (citation and internal quotation marks omitted). Notably, "[a] district court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'" *Id.* at 621 (quoting *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir. 1997)).

Here, nine of the eleven deposition transcripts identified in the invoices (Doc. 69-1) were either submitted by the VA in support of its Motion for Summary Judgment (Docs. 41-49) or by Thatcher in her response (Doc. 61). The remaining two transcripts for the depositions of Ron Plemmons and Nicole Johnson do not appear in the record, however (Doc. 69-1, at 3-4). Given such omission, the costs for those depositions seem to have been "merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only" and are therefore not recoverable. *W&O, Inc.*, 213 F.3d at 620 (citation and internal quotation marks omitted). Accordingly, a reduction of $173.25 for the deposition transcript of Ronald

2

Plemmons and $141.75 for the deposition transcript of Nicole Johnson, or a total reduction of $315, is warranted.

Going further, Thatcher contends that the attendance fees for the videographer and court reporter are not recoverable. With respect to the videographer, the VA does not seek costs for the $900 appearance fee, so no reduction is necessary (Doc. 69-1, at 5; Doc. 71, at 2). As to the court reporter, the VA seeks costs in the amount of $900 for the attendance fee for 6 hours at a rate of $150 per hour for the deposition of Thatcher (Doc. 69-1, at 5). The attendance of a court reporter at Thatcher's deposition and the subsequent submission of that deposition transcript in conjunction with the VA's Motion for Summary Judgment, upon which judgment was ultimately granted in favor of the VA, was necessary and appropriate in this case. Accordingly, Thatcher's objection is overruled, and the VA will be awarded the attendance fee for the court reporter at Thatcher's deposition, as requested.

Thatcher additionally objects to the items listed on the invoices as "E-mailed," arguing that the items include no explanation and should therefore be excluded. As the VA contends, however, a charge of $0.00 appears next to every entry identified as "E-mailed" on the invoices (Doc. 69-1, at 1-5). Given that no charge is associated with the e-mailing of the transcripts, no reduction is necessary.

In sum, only the following reductions of the VA's request for costs in the amount $4,614.75 are warranted: (1) $488.25 for word index fees and (2) $315 for deposition transcripts not submitted in the record. Based on the foregoing, it is hereby

ORDERED:

1. The VA is awarded costs in the amount of $3,811.50.

2. The Court directs the Clerk to enter a Bill of Costs in the amount of $3,811.50 in favor of the VA and against Thatcher.

DONE AND ORDERED in Tampa, Florida, on this 13th day of July, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record